UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY C. HERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GREEN, et al.,<br><br>　　　　Defendants. | No. 2:20-cv-2374-EFB P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF No. 2.

### Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

### Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

1

1 relief may be granted," or "seeks monetary relief from a defendant who is immune from such
2 relief." *Id.* § 1915A(b).

3      A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
4 of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and
5 plain statement of the claim showing that the pleader is entitled to relief, in order to give the
6 defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
7 *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
8 While the complaint must comply with the "short and plain statement" requirements of Rule 8, its
9 allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S.
10 662, 679 (2009).

11      To avoid dismissal for failure to state a claim a complaint must contain more than "naked
12 assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
13 action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of
14 a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at
15 678.

16      Furthermore, a claim upon which the court can grant relief must have facial plausibility.
17 *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual
18 content that allows the court to draw the reasonable inference that the defendant is liable for the
19 misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a
20 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
21 *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
22 plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

23 <u>Screening Order</u>

24      Plaintiff's complaint, handwritten in a style both bubbly and compressed, is also long-
25 winded and redundant.  As a result, it is non-compliant with Rule 8 insofar as it is nearly illegible
26 and fails to contain a "short and plain statement" of his claims.  *See, e.g., Shuster v. Oppelman*,
27 962 F. Supp. 394, 396 (S.D.N.Y. 1997) (holding that a partially illegible pro se complaint does
28 not comply with Rule 8); *Knutson v. Lucky Store, Inc.*, No. CIV S-07-0981-LKK-EFB-P, 2008

U.S. Dist. LEXIS 116353, 2008 WL 4167076, at *1 (E.D. Cal. Sept. 5, 2008) (dismissing a pro se complaint that was mostly illegible and did not comply with Rule 8).  Although spanning seventeen pages, the allegations seemingly boil down to the following:  On July 22, 2020, plaintiff got into a fight with another inmate.  Plaintiff does not describe the nature of the fight or allege whether any one sustained injuries.  After the incident, defendant Troung twice asked plaintiff to sign a "marriage chrono" indicating that plaintiff could safely coexist in the same housing unit as the other inmate.  Officer Duneas also asked plaintiff to sign the chrono.  Plaintiff refused each time.  Plaintiff attempted to report his enemy/safety concerns to defendants Green and Moreland through sending them Forms 22.  They never responded, and plaintiff remained housed in the same unit as the inmate with whom he fought until September.  During this time, plaintiff tried to stay safe by avoiding programming, such as mental health services.  He suffered emotional and psychological distress as a result.

     Plaintiff's allegations cannot survive screening.  Under the Eighth Amendment "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks, ellipsis, and citation omitted).  To show a violation, plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm.  *See id.* at 844, 847 ("A prison official's duty under the Eighth Amendment is to ensure 'reasonable safety,' . . . .").  In this case, there is insufficient factual context to support a failure to protect claim.  Objectively, there is no showing that sharing the same housing unit with the inmate against whom plaintiff had fought posed a serious risk of harm.  Subjectively, there is no showing that any defendant knew of an identifiable serious risk of harm to plaintiff and failed to take reasonable measures to abate it.  As for defendants Troung and Duneas, plaintiff has alleged only that they asked him to sign a "marriage chrono."  As for defendants Green and Moreland, plaintiff has alleged only that they failed to respond to his inmate grievances.  Their failure in this regard does not amount to a constitutional violation, as there are no constitutional requirements regarding how a grievance system is operated.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Based on the foregoing, the complaint is dismissed with leave to amend.

### Leave to Amend

Plaintiff will be granted leave to file an amended complaint. An amended complaint must allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant.

Any amended complaint must not exceed the scope of this order and may not add new, unrelated claims. Further, any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

/////

<u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 30 days from the date of service of this order. Failure to comply with this order may result in a recommendation that this action be dismissed for failure to state a claim upon which relief could be granted.

DATED: December 16, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE