UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY C. HERNANDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>GREEN, et al.,<br><br>    Defendants. | No. 2:20-cv-2374-EFB P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in an action brought under 42 U.S.C. § 1983. After dismissal of his original complaint, he has filed an amended complaint, which the court must screen. ECF Nos. 1, 7, 10.

Congress mandates that district courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

<u>Screening Order</u>

In the amended complaint, plaintiff alleges the following: A fellow inmate had been sexually harassing plaintiff, threatening to "jump" him, and influencing other inmates to do the

1 same. ECF No. 10 at 5. On July 22, 2020, plaintiff punched the inmate once and got down. *Id.*
2 at 5, 8, 12. While lying in a prone position, defendant correctional officer Troung sprayed
3 plaintiff excessively with pepper spray. *Id.* at 5. Troung told the officer who was restraining the
4 inmate plaintiff punched to "let him go." *Id.* Upon release from restraint that inmate then
5 assaulted plaintiff while plaintiff was on the floor. *Id.* Troung allegedly allowed this to happen
6 out of a motive to punish plaintiff; i.e., because Troung did not like that plaintiff had assaulted
7 another inmate on his watch. *Id.* Plaintiff suffered contusions and swelling on the left side of his
8 jaw. *Id.* These allegations are sufficient to survive screening as an Eighth Amendment excessive
9 force claim against defendant Troung.

10 Afterward, plaintiff informed defendants Troung and Duneas that the other inmate posed a
11 "consistent risk of harm." *Id.* Plaintiff also refused to sign a "marriage chrono," meaning that
12 plaintiff considered the other inmate an enemy and did not feel safe living in the same unit. *Id.*
13 Neither Troung nor Duneas took any action to alleviate plaintiff's safety concerns. *Id.* They
14 allegedly failed to even notify other prison officials of plaintiff's documented enemy concern. *Id.*
15 Plaintiff, forced to protect himself, stayed in his cell and withdrew from programming, such as
16 mental health groups and custodial privileges. *Id.* This caused him mental anguish and
17 exacerbated his existing mental health issues. *Id.* at 7, 10. Eventually, another officer issued an
18 "offender separation alert" and plaintiff was rehoused on September 3, 2020. *Id.* at 6. Plaintiff
19 has stated a potentially cognizable Eighth Amendment deliberate indifference to safety claim
20 against defendants Troung and Duneas.

21 Plaintiff alleges that defendants Green, Moreland, and Raya deliberately ignored his
22 administrative appeals regarding his enemy concerns in retaliation for plaintiff's history of filing
23 /////
24 /////
25 /////
26 /////
27 /////
28 /////

1 grievances and lawsuits.[1]  *Id.* at 5-6, 8.  Liberally construed, these allegations are sufficient to

2 state a First Amendment retaliation claim.

3       Lastly, the amended complaint vaguely references due process and equal protection

4 violations.  ECF No. 10 at 5, 8.  Any failure to properly process an administrative appeal,

5 however, does not violate due process, as there are no constitutional requirements regarding how

6 a grievance system is operated.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003);

7 *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).  Further, there are no allegations showing

8 that a defendant acted with an intent or purpose to discriminate against plaintiff because of his

9 membership in a protected class.  *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th

10 Cir. 2005).  Accordingly, these claims cannot survive screening.

11       Plaintiff may either proceed only with the claims identified herein or he may amend his

12 complaint to attempt to cure any deficiencies.  He may not, however, change the nature of this

13 suit by alleging new, unrelated claims.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

14 Plaintiff is not obligated to amend his complaint.

15 <u>Leave to Amend</u>

16       Any amended complaint must identify as a defendant only persons who personally

17 participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*

18 *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

19 constitutional right if he does an act, participates in another's act or omits to perform an act he is

20 /////

---

[1] Plaintiff also names an unknown "Appeals Coordinator" as a defendant.  ECF No. 10 at 1, 8.  However, the use of such Doe defendants in federal court is problematic, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), and ultimately unnecessary.  Rather, the Federal Rules of Civil Procedure, not state procedural rules and practice, govern how pleadings may be amended to add new parties in a federal civil action.  Here, plaintiff has been able to commence the action using the name of identified defendants.  Should plaintiff subsequently learn the identities of additional parties whom he wishes to serve, he must move pursuant to Rule 15 of the Federal Rules of Civil Procedure to file an amended complaint to add them as defendants.  *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1197-98 (9th Cir. 2003).  If the timing of his amended complaint raises questions as to the statute of limitations, plaintiff must satisfy the requirements of Rule 15(c), which is the controlling procedure for adding defendants whose identities were discovered after commencement of the action.  Additionally, unknown persons cannot be served with process until they are identified by their real names and the court will not investigate the names and identities of unnamed defendants.

1  legally required to do that causes the alleged deprivation).  Plaintiff is not obligated to file an
2  amended complaint.
3        Any amended complaint must be written or typed so that it so that it is complete in itself
4  without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended
5  complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the
6  earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114
7  F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter
8  being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.
9  1967)).
10        The court cautions plaintiff that failure to comply with the Federal Rules of Civil
11  Procedure, this court's Local Rules, or any court order may result in this action being dismissed.
12  *See* E.D. Cal. L.R. 110.

## Conclusion

14        Accordingly, it is ORDERED that:
15      1.   Plaintiff's amended complaint (ECF No. 10) alleges, for screening purposes, the
16         following viable claims:
17         a.  An Eighth Amendment excessive force claim against defendant Troung;
18         b.  An Eighth Amendment deliberate indifference to safety claim against
19            defendants Troung and Duneas; and
20         c.  A First Amendment retaliation claim against defendants Green, Moreland, and
21            Raya.
22      2.   All other claims are dismissed with leave to amend within 30 days from the date of
23         service of this order. Plaintiff is not obligated to amend his complaint.
24      3.   Within thirty days plaintiff shall return the notice below advising the court whether
25         he elects to proceed with the cognizable claims against defendants Troung,
26         Duneas, Green, Moreland, and Raya, or file a second amended complaint.  If the
27         former option is selected and returned, the court will enter an order directing
28         service at that time.

4. Failure to comply with any part of this this order may result in dismissal of this action for the reasons stated herein.

DATED: January 28, 2021.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY C. HERNANDEZ,<br><br>               Plaintiff,<br><br>    v.<br><br>GREEN, et al.,<br><br>               Defendants. | No. 2:20-cv-2374-EFB P<br><br><br>NOTICE OF ELECTION |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____ proceed only with (a) the Eighth Amendment excessive force claim against defendant Troung; (b) the Eighth Amendment deliberate indifference to safety claim against defendants Troung and Duneas; and (c) the First Amendment retaliation claim against defendants Green, Moreland, and Raya.

OR

(2) _____ delay serving any defendant and files a second amended complaint.

                                                _____

                                                          Plaintiff

Dated: