1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANTHONY C. HERNANDEZ,                    No.  2:20-cv-2374-EFB P

12                 Plaintiff,

13          v.                                ORDER AND FINDINGS AND
                                              RECOMMENDATIONS
14   GREEN, et al.,

15                 Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis in an action brought

18   under 42 U.S.C. § 1983.  On January 28, 2021, the court screened plaintiff's first amended

19   complaint (ECF No. 10) and identified the following viable claims: (a) an Eighth Amendment

20   excessive force claim against defendant Troung; (b) an Eighth Amendment deliberate

21   indifference to safety claim against defendants Troung and Duneas; and (c) a First Amendment

22   retaliation claim against defendants Green, Moreland, and Raya.[1]  ECF No. 11 at 1-2.  The court

23   dismissed all other claims with leave to amend, informing plaintiff that his due process and equal

24   protection claims could not survive screening.  *Id.* at 3.  Rather than proceeding with the claims

25   identified by the court as viable, plaintiff filed a second amended complaint.  ECF No. 14.

26

27          [1] Congress mandates that district courts engage in a preliminary screening of cases in
     which prisoners seek redress from a governmental entity or officer or employee of a
28   governmental entity.  28 U.S.C. § 1915A(a).

                                              1

1    The second amended complaint repeats the claims previously identified by the court as

2   viable.  It also adds two defendants – appeals coordinators Richardson and DeJesus – and re-

3   alleges claims for violations of plaintiff's due process and equal protection rights.  *Id.* at 3.  The

4   purported due process claims are based on the allegation that Richardson and DeJesus "illegally

5   closed" plaintiff's appeal.  *Id.* at 6.  As the court previously informed plaintiff, the failure to

6   properly process an administrative appeal does not violate due process, as there are no

7   constitutional requirements regarding how a grievance system is operated.  *See Ramirez v.*

8   *Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

9   The equal protection claim fares no better, as the allegations again fail to show that a defendant

10   acted with an intent or purpose to discriminate against plaintiff because of his membership in a

11   protected class.  *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005).

12   Despite notice of the deficiencies in these claims and an opportunity to amend, plaintiff is no

13   closer to articulating a cognizable due process or equal protection claim.  Consequently, the court

14   declines to offer him further opportunity to amend.  *See McGlinchy v. Shell Chemical Co.*, 845

15   F.2d 802, 809-10 (9th Cir. 1988) ("Repeated failure to cure deficiencies by amendments

16   previously allowed is another valid reason for a district court to deny a party leave to amend.").

17    Accordingly, it is ORDERED that:

18    1.   Plaintiff's second amended complaint (ECF No. 14) alleges, for screening purposes,

19    the following viable claims:

20    a.   An Eighth Amendment excessive force claim against defendant Troung;

21    b.   An Eighth Amendment deliberate indifference to safety claim against

22    defendants Troung and Duneas; and

23    c.   A First Amendment retaliation claim against defendants Green, Moreland, and

24    Raya.

25    2.   The Clerk of the Court shall randomly assign a United States District Judge to this

26    case.

27   /////

28   /////

2

1   Further, it is RECOMMENDED that:

2   1.   All claims in the second amended complaint, other than those identified as viable in

3        this Screening Order, be dismissed without leave to amend;[2] and

4   2.   This matter be referred back to the undersigned to initiate service of process of the

5        viable claims against defendants Troung, Duneas, Green, Moreland, and Raya

6        pursuant to the Court's E-Service pilot program for civil rights cases for the Eastern

7        District of California.

8        These findings and recommendations are submitted to the United States District Judge

9   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

10  after being served with these findings and recommendations, any party may file written

11  objections with the court and serve a copy on all parties.  Such a document should be captioned

12  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

13  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

14  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

15  DATED:  April 16, 2021.

16

17  EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

---

27  [2] Plaintiff is advised that dismissal without leave to amend is not the same as "with
    prejudice."  Dismissal without leave to amend merely precludes him from reviving those claims
28  in the active proceeding.

3